**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

WILFREDO MERCADO VEGA, et al.,

    **Plaintiff(s)**

       **v.**

FRESSENIUS MEDICAL CARE AND/OR
BIOMEDICAL APPLICATION OF PUERTO
RICO, et al.,

    **Defendant(s)**

**CIVIL NO.** 08-1419 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, District Judge.

    Pending before the Court is a Motion for Partial Summary Judgment filed by Defendant Bio-Medical Applications of Arecibo, Inc. (hereinafter "BMA"), d/b/a Auxilio Mutuo Dialysis Center (hereinafter "Defendant") on January 1, 2010. (Docket No. 78). Magistrate Judge Lopez issued a Report and Recommendation (hereinafter "R&R") on the matter, recommending that this Court grant Defendant's motion and that Mercado-Vega's (hereinafter "Plaintiffs") inherited cause of action be dismissed. (Docket No. 108).

    Upon *de novo* review, the Court ADOPTS the Magistrate Judge's Recommendation. Accordingly, this Court GRANTS Defendant's motion for partial summary judgment and DISMISSES Plaintiff's inherited cause of action under Article 1802 of the Puerto Rico Civil Code.

2

Additionally, and for the reasons stated below, this Court DENIES Plaintiff's request for voluntary dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

At the time of death, Mercado was a 64 year old male with a history of renal disease, who had been undergoing dialysis three times per week since June 13, 2002. On the morning of November 25, 2006, Plaintiff arrived at the clinic accompanied by his wife, Rosa Vega. Mercado began his treatment at 6:15 a.m., and his vital signs were checked again at 6:45, 7:15, 7:45, and 8:15 a.m.. There were at least seven nurses on duty that morning, working the 6:00 a.m. to 2:00 p.m. shift. At approximately 9:15 a.m., the nurse in charge of Mercado noticed he was unresponsive. At 9:20 a.m., a distress code was issued and several nurses began administering CPR, following protocol. Dr. Angel Sánchez Martínez ("Dr. Sánchez"), Mercado's nephrologist, arrived while the nurses were administering CPR and observed blood on the floor, which the nurses indicated belonged to Mercado. According to Dr. Sánchez, there was no indication of what had caused the hemorrhage. At 10:00 a.m., after 40 minutes of CPR had not restored Mercado's normal or stable vital signs, Dr. Sánchez ordered the CPR stopped and pronounced Mercado dead. Mercado's death certificate states that his immediate causes of death were cardiac arrest, hemorrhage, and renal failure.

---

1 The factual and procedural background is taken from Magistrate Judge Lopez's R&R.

Mercado's medical record contains an informed consent form, bearing his signature on each page, which details the complications associated with the dialysis procedure and the responsibilities of the dialysis patient during, before and after undergoing dialysis. The form describes measures patients should undertake to ensure a safe dialysis, including maintaining visibility of the catheter, staying alert and awake throughout the dialysis, and reporting any discomfort or suspected problem with the connection of the blood line. Mercado, like other patients, had been given training as to what to do if his intravenous line became disconnected, including stopping the pump, closing the line, and immediately calling out for help. He had the muscular strength to stop the pump and hold the line.

The medical record from the morning of Mercado's death contains no descriptions of complaints, expressions of pain, or other signs of distress before he was found unresponsive or during the administration of CPR. Other patients received dialysis in the clinic during the morning of November 25, 2006, but they did not notice that anything was wrong with Mercado or hear him complain or call for help. Neither Dr. Sánchez nor any of the nurses deposed testified that they observed Mercado exhibit signs of pain or suffering before he died.

On December 9, 2008, Plaintiffs filed a second amended complaint in the instant case alleging two causes of action against

BMA, its insurance companies, and unknown codefendants pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141 (2008) ("Article 1802"). (Docket No. 35.) First, Plaintiffs claim damages for their mental suffering as a result of their father's allegedly wrongful death; second, Plaintiffs bring an inherited cause of action based on pain and suffering allegedly endured by Mercado before he died. On January 15, 2010, Defendant filed the present Motion for Partial Summary Judgment essentially requesting the dismissal of Plaintiffs' inherited cause of action along with Plaintiffs' opposition, BMA's reply, and Plaintiffs' surreply. (Docket Nos. 78, 86, 91, 99). On August 23, 2010, the Magistrate Judge issued his R&R, advising this Court to grant the Motion for Partial Summary Judgment. (Docket No. 108). Shortly thereafter, Plaintiffs filed a motion requesting leave of court for a voluntary dismissal of the inherited claim; and in the alternative, their opposition to the R&R. (Docket No. 109).

**STANDARD OF REVIEW**

Standard for Reviewing a Magistrate-Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See* Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest

the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." <u>United States of America v. Mercado Pagan</u>, 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." <u>Rivera de Leon v. Maxon Eng'g Servs.</u>, 283 F.Supp.2d 550, 555 (D.P.R.2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." <u>Alamo Rodriguez</u>, 286 F.Supp.2d at 146 (citing <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir.1985)).

<u>Summary Judgment Standard</u>

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." <u>Thompson v. Coca-Cola Co.</u>, 522 F.3d 168, 175 (1st Cir.2008) (citing Fed. R.Civ.P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 19 (1st Cir.2004). A fact is "material" if it has the potential to change the outcome of the

suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir.2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before this Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. Anderson, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir.2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir.2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir.1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440

F.3d 17, 21 (1st Cir.2006) (citing <u>Benoit v. Technical Mfg. Corp.</u>, 331 F.3d 166, 173 (1st Cir.2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts, as they are jury functions, not those of a judge. <u>Anderson</u>, 477 U.S. at 255.

**ANALYSIS**

<u>Inherited Cause of Action</u>

Article 1802 provides for the survivorship of tort actions. <u>Widow of Delgado v. Boston Ins.</u>, 1 P.R. Offic. Trans. 823 (1973). Thus, Mercado's heirs inherited his right to bring a cause of action in tort for any pain and suffering he experienced prior to his death. <u>See id.</u>; <u>Marrero Artache v. Autoridad de Energía Eléctrica</u>, 924 F. Supp. 346, 348 (D.P.R. 1996). However, if Mercado "died ... without suffering or experiencing the apprehension of his imminent death, he 'did not possess, not even for a second, the right to recover damages.'" <u>Marrero Artache</u>, 924 F. Supp. at 348 (quoting <u>Zeno Molina v. Vázquez Rosario</u>, 6 P.R. Offic. Trans. 462 (1977)). To survive summary judgment, Plaintiffs must present "definite, competent evidence" to show that Mercado suffered before he died. *See* <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576 (1st Cir. 1994).

In his Report and Recommendation, the Magistrate Judge found that Plaintiffs had "failed to present evidence demonstrating that

8

a trial-worthy issue of fact exists" sufficient to survive summary judgment. He noted that Plaintiffs "readily admit that there is no direct evidence that Mercado suffered before he died." Furthermore, he found that Plaintiffs' proffered arguments regarding the inconsistencies in the medical record and the number of nurses in the clinic "boil down to speculation," and that they "do not bear directly on the substantial factual issue of whether or not Mr. Mercado suffered." On the other hand, the Magistrate Judge found several indications that Mr. Mercado did not suffer prior to his death. For instance, none of the patients in the clinic the morning of Mr. Mercado's death noticed him suffering or complaining in any way, and neither did the nurses or doctors. The medical records are also devoid of any indication, even in the parts that had been crossed out, of any suffering by Mr. Mercado. Finally, Defendant's expert witness reviewed the record and testified that there was no evidence that the patient had suffered unbearable pain during the final moments of his life. Plaintiffs did not counter with an expert witness of their own.

Plaintiffs object to this finding, stating that the Magistrate Judge improperly gauged the weight of the testimonial evidence by only taking into account "the fact that two nurses testified in deposition that Mr. Mercado was asleep at some point prior to his death given all the other inconsistencies of what happened during the morning of November 25, 2006." Plaintiffs' objection refers to

footnote 6[2] of the R&R, which has no bearing on the fact that Plaintiffs have not provided *any* definite and competent evidence that Mr. Mercado suffered prior to his death.

Even if the Magistrate Judge had not mentioned the nurses' testimony, the outcome would necessarily be the same. Plaintiffs' opposition to Defendant's motion for summary judgment would still be founded on "improbable inferences and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d at 21. Accordingly, we see no reason to depart from the Magistrate Judge's recommendation. Defendant's motion for partial summary judgment is hereby GRANTED.

Plaintiff's Request for Voluntary Dismissal of the Inherited Cause of Action

Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." "In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,

---

[2] Plaintiffs essentially argue that the very absence of evidence from 8:15 a.m. to 9:15 a.m. is sufficient for a jury to rationally infer that Mr. Mercado had suffered before he died. The Magistrate Judge, in footnote 6, remarked that this argument was not even colorable, given that "two nurses testified that they saw Mercado sleeping at different points between 9:00 a.m. and 9:30 a.m."

insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir.2000)(internal citation and quotations omitted). The Court need not find that every factor favors the moving party; rather, these factors are simply a guide that Courts can consider in making such a determination. Id. Ultimately, this Court has discretion to grant dismissal under the conditions and terms it deems proper. Id. Thus, this Court is responsible under Rule 41(a)(2) to use its discretion to ensure that granting a request to voluntarily dismiss an action will not prejudice the other party. Doe v. Urohealth Sys., 216 F.3d at 160. "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir.2002).

First, this Court finds that Plaintiffs have not been diligent in requesting the voluntary dismissal of their claim against Defendant. The present case was filed on April 10, 2008; more than two and a half years ago. The process of discovery was completed, and Defendant moved for partial summary judgment. Additionally, Defendant's motion was attended to by the Magistrate Judge in his R&R. This case is clearly not at an "early stage of the proceedings." Cf. Camacho-Albert v. Mendez & Co., Inc., 589 F.Supp.2d 141, 145 (D.P.R.2008).

The Court also finds that Plaintiffs have not proffered a valid reason for their request. In their petition, Plaintiffs cite the recent decision by this Court in <u>Cruz-Gascot v. HIMA San Pablo Hosp. Bayamón</u>, __ F. Supp. 2d __, 2010 WL 3033803, Civil No. 08-2080 (FAB). However, Plaintiffs do not give a specific reason as to why that case is relevant, nor do they address the fact that the cited case does not create precedent that is binding on this Court. Finally, the Court notes that Plaintiffs' request, if granted, would create piecemeal litigation. Plaintiffs would have the state court entertain their inherited cause of action, while continuing their other claims arising out of the same controversy in this Court. This is not the purpose for which Rule 41(a)(2) was envisioned. In our view, the justification proffered by Plaintiffs is insufficient to warrant dismissal without prejudice. In short, Plaintiffs cannot pretend to use Rule 41(a)(2) to get a second turn at bat when they have already struck out. Accordingly, Plaintiffs' request for voluntary dismissal is DENIED.[3]

## CONCLUSION

In light of the above, the Court GRANTS Defendant BMA's motion for partial summary judgment and DISMISSES WITH PREJUDICE

---

[3] Plaintiffs' objection to the R&R is that the Magistrate Judge had encroached on the province of the jury in assessing the evidence. We note that, if we were to grant their Motion for Voluntary Dismissal, Plaintiffs would seek relief in state courts where there is no right to a jury trial in civil cases. In other words, Plaintiff would be back at square one and with nothing to show for it.

12

Plaintiffs' inherited cause of action. Furthermore, Plaintiffs' request for voluntary dismissal is DENIED.


    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 30th day of September, 2010.



                            S/Jay A. Garcia-Gregory
                            JAY A. GARCIA-GREGORY
                            United States District Judge